# Illinois Official Reports

## Appellate Court

---

**Citizens Utility Board v. Illinois Commerce Comm'n, 2015 IL App (4th) 150562**

---

| | |
|---|---|
| Appellate Court Caption | THE CITIZENS UTILITY BOARD, Petitioner, v. THE ILLINOIS COMMERCE COMMISSION and THE AMEREN ILLINOIS COMPANY, d/b/a AMEREN ILLINOIS, Respondents. |
| District & No. | Fourth District<br>Docket No. 4-15-0562 |
| Filed | December 30, 2015 |
| Decision Under Review | Petition for review of order of Illinois Commerce Commission, No. 15-0283. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kristin Munsch, of Citizens Utility Board, of Chicago, for petitioner.<br><br>James E. Weging, Special Assistant Attorney General, and Matthew L. Harvey, of Illinois Commerce Commission, both of Chicago, for respondent Illinois Commerce Commission.<br><br>Edward C. Fitzhenry, Eric Dearmont, and Kristol L. Whatley, all of Ameren Services Company, of St. Louis, Missouri, and Albert D. Sturtevant, of Whitt Sturtevant LLP, of Chicago, for respondent Ameren Illinois Company. |

JUSTICE TURNER delivered the judgment of the court, with opinion. Justices Harris and Pope concurred in the judgment and opinion.


**OPINION**

¶ 1      In April 2015, the Citizens Utility Board (CUB) filed a complaint with the Illinois Commerce Commission (Commission) in regard to a required annual progress report filed by the Ameren Illinois Company, d/b/a Ameren Illinois (Ameren). The Commission dismissed the complaint on its own motion.

¶ 2      On appeal, CUB argues (1) the Commission erred in dismissing its complaint without notice or an opportunity to respond and (2) the Commission's order was legally insufficient. We affirm.

¶ 3                              I. BACKGROUND

¶ 4      Ameren is a public utility that distributes electricity and gas to customers in Illinois. Pursuant to sections 16-108.5 and 16-108.6 of the Public Utilities Act (Act) (220 ILCS 5/16-108.5, 16-108.6 (West 2014)), participating utility companies, including Ameren, are required to file annual reports detailing progress in implementing an advanced-metering-infrastructure (AMI) program in relation to "Smart Grid" electric system upgrades. See 220 ILCS 5/16-108.5, 16-108.6 (West 2014). On April 1, 2015, Ameren filed its AMI annual update pursuant to section 16-108.6(e) of the Act (220 ILCS 5/16-108.6(e) (West 2014)).

¶ 5      On April 10, 2015, CUB, also pursuant to section 16-108.6(e) of the Act, filed a complaint with the Commission and against Ameren. CUB requested the Commission open an investigation into Ameren's 2015 report, claiming the report lacked "sufficient detail" to allow the Commission to determine if Ameren's AMI deployment was on schedule, if Ameren would "meet its obligation to deliver a robust customer education program," and if Ameren was "accurately tracking reductions in greenhouse gas emissions related to its AMI deployment."

¶ 6      On April 21, 2015, Ameren filed a response to the Commission's staff report, stating the 2015 report had described the activities it had undertaken in connection with AMI deployment and addressed all the requirements of section 16-108.6(e) and other Commission directives. Ameren noted the Commission's staff report recommended the Commission not investigate Ameren's progress in implementing the AMI plan.

¶ 7      On April 22, 2015, the Commission dismissed CUB's complaint on its own motion. On May 22, 2015, CUB filed an application for rehearing, which the Commission denied on June 3, 2015. On July 8, 2015, CUB filed a petition for review in this court. See 220 ILCS 5/10-201 (West 2014); Ill. S. Ct. R. 335 (eff. Feb. 1, 1994).

¶ 8                              II. ANALYSIS

¶ 9      On appeal, CUB argues (1) the Commission erred in dismissing its complaint without notice and an opportunity to be heard and (2) the Commission's order is legally insufficient

because it failed to contain grounds for the dismissal. We disagree.

¶ 10                                    A. Standard of Review

¶ 11    This case involves the interpretation of the provisions found in section 16-108.6 of the Act (220 ILCS 5/16-108.6 (West 2014)). The "primary rule of statutory interpretation is to ascertain and effectuate the legislature's intent." *Harrisonville Telephone Co. v. Illinois Commerce Comm'n*, 212 Ill. 2d 237, 251, 817 N.E.2d 479, 488 (2004). Because the interpretation of a statute is a question of law, our review is *de novo*. *Ameren Illinois Co. v. Illinois Commerce Comm'n*, 2013 IL App (4th) 121008, ¶ 18, 2 N.E.3d 1087.

¶ 12                                 B. Dismissal of the Complaint

¶ 13    CUB argues the Commission erred in dismissing its complaint, claiming no provision in the Act or the Commission's rules allow the Commission to dismiss a complaint on its own motion. In its complaint, CUB relied on section 16-108.6(e) of the Act (220 ILCS 5/16-108.6(e) (West 2014)), which provides, in part, as follows:

> "On April 1 of each year beginning in 2013 and after consultation with the Smart Grid Advisory Council, each participating utility shall submit a report regarding the progress it has made toward completing implementation of its AMI Plan. This report shall:
>
> > (1) describe the AMI investments made during the prior 12 months and the AMI investments planned to be made in the following 12 months;
> >
> > (2) provide sufficient detail to determine the utility's progress in meeting the metrics and milestones identified by the utility in its AMI Plan; and
> >
> > (3) identify any updates to the AMI Plan.
>
> Within 21 days after the utility files its annual report, the Commission shall have authority, either upon complaint or its own initiative, but with reasonable notice, to enter upon an investigation regarding the utility's progress in implementing the AMI Plan as described in paragraph (1) of this subsection (e). If the Commission finds, after notice and hearing, that the participating utility's progress in implementing the AMI Plan is materially deficient for the given plan year, then the Commission shall issue an order requiring the participating utility to devise a corrective action plan, subject to Commission approval and oversight, to bring implementation back on schedule consistent with the AMI Plan. The Commission's order must be entered within 90 days after the utility files its annual report. If the Commission does not initiate an investigation within 21 days after the utility files its annual report, then the filing shall be deemed accepted by the Commission. The utility shall not be required to suspend implementation of its AMI Plan during any Commission investigation."

¶ 14    In the case *sub judice*, Ameren was required to submit its annual report on April 1, 2015, and it did so. Thereafter, the Commission, under section 16-108.6(e) of the Act, had the "authority, either upon complaint or its own initiative, but with reasonable notice, to enter upon an investigation regarding the utility's progress in implementing the AMI Plan." 220 ILCS 5/16-108.6(e) (West 2014). The quoted language from the Act indicates the Commission is not required to initiate an investigation, but it may do so either upon its own motion or upon the filing of a complaint. Section 16-108.6(e) does not require a hearing as to whether an

investigation should be opened or require written findings if the Commission decides not to open an investigation. The plain language of this section clearly gives the Commission broad discretionary authority to initiate an investigation. Thus, the Commission has the authority to dismiss complaints without a hearing.

¶ 15　　This conclusion is bolstered by the provision in section 16-108.6(e) of the Act which provides, "[i]f the Commission does not initiate an investigation within 21 days after the utility files its annual report, then the filing shall be deemed accepted by the Commission." 220 ILCS 5/16-108.6(e) (West 2014). This provision allows the Commission to dismiss a complaint by simply allowing 21 days to elapse without taking any action at all. If the Commission may lawfully dismiss a complaint by simply declining to act on it, then it follows the Commission may dismiss such a complaint on its own motion. As such, the Commission was not required to give notice and conduct a hearing prior to dismissing CUB's complaint.

¶ 16　　On a final note, we reiterate CUB filed its complaint under section 16-108.6 of the Act, wherein it requested the Commission exercise its authority pursuant to that section and open an investigation into Ameren's progress. CUB did not ask for a hearing to present evidence pursuant to sections 10-108 or 10-110. See 220 ILCS 5/10-108, 10-110 (West 2014). CUB argues section 16-108.6(e) must be read in harmony with section 10-108 of the Act (220 ILCS 5/10-108 (West 2014)), which requires the Commission to serve upon the corporation a copy of the complaint, notify it of the requirement to answer the complaint, and conduct a hearing. However, the Commission's rules require answers to formal complaints to be filed "within 21 days after the date on which the Commission serves notice." 83 Ill. Adm. Code 200.180(a) (2000). According to section 16-108.6(e), the Commission only has jurisdiction to enter an investigation "within 21 days" after the filing of an annual report. 220 ILCS 5/16-108.6(e) (West 2014). Here, CUB did not file its complaint until April 10, and the Commission had only until April 22 to decide whether to open an investigation. Thus, any answer would not have been due until after the Commission's power to open an investigation had expired. CUB's argument that the provisions of the Act must be read in harmony would cause nothing but confusion and would require a reading of section 16-108.6(e) that the General Assembly, by its plain language, did not intend.

¶ 17　　　　　　　　　　　　　　C. The Commission's Order

¶ 18　　CUB argues the Commission's order was legally insufficient because it contained no grounds for dismissal. However, nothing in section 16-108.6 of the Act requires a formal hearing or written findings when a complaint is filed under that section or before the Commission decides whether to open an investigation. Here, section 16-108.6 allowed the Commission to do nothing upon receipt of Ameren's report. The Commission decided not to enter into an investigation, and nothing in this section of the Act required it to provide written findings or a legal analysis in making its decision to dismiss CUB's complaint.

¶ 19　　　　　　　　　　　　　　III. CONCLUSION

¶ 20　　For the reasons stated, we affirm the Commission's order dismissing CUB's complaint.

¶ 21　　Affirmed.